UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVARIS MARQUEZ TUBBS,

Plaintiff,

NO. CIV. S-06-280 LKK/GGH

v.

O R D E R

SACRAMENTO COUNTY JAIL, et al

Defendants.

______________________________/

The plaintiff was a pretrial detainee at the Sacramento County Main Jail who has brought suit against the defendants under 42 U.S.C. § 1983 for alleged excessive force used against him and deliberate indifference to his medical needs. Defendants Isenogle, Parker, Shelly, and McMahon move for judgment on the pleadings. The court resolves the motion on the papers and after oral argument.

**I. ALLEGATIONS AND BACKGROUND**[1]

The plaintiff was a pretrial detainee at the Sacramento County Main Jail on January 21, 2006. On that date, several of the

[1] The allegations are taken from the plaintiff's Second Amended Complaint, filed June 14, 2007.

individual defendants, who were officers at the jail, extracted the plaintiff from his cell. He alleges that they "slammed him against the jail floor" and "snapped [his] right elbow." Second Amended Complaint, ¶ 29. This caused the plaintiff's arm to be broken. He received medical attention for his arm, but the plaintiff alleges that it was inadequate and that the defendants were deliberately indifferent to his continued need for additional medical treatment. He has brought suit under 42 U.S.C. § 1983 for the alleged excessive force used in the cell extraction and the inadequate medical care he received.

The plaintiff filed his complaint *pro se* on February 9, 2006 and filed an amended complaint on March 24, 2006. On April 11, 2006, the Magistrate Judge dismissed the plaintiff's claims as to defendants Isenogle, Parker, and Mendoza, granting the plaintiff thirty days to file an amended complaint. The plaintiff did not do so and on July 7, 2006, the Magistrate Judge recommended those defendants be dismissed from the action. The court issued an order dismissing those defendants on November 28, 2006.

On February 27, 2007, the Magistrate Judge appointed counsel to the plaintiff. Plaintiff filed a Second Amended Complaint on June 14, 2007, which named Isenogle and Parker as defendants. The court issued a scheduling order on August 1, 2007.

## II. STANDARD FOR JUDGMENT ON THE PLEADINGS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(C)

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed but within such time as to not delay the

trial.” Fed. R. Civ. P. 12(c). All allegations of fact by the party opposing a motion for judgment on the pleadings are accepted as true. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). A “dismissal on the pleadings for failure to state a claim is proper only if ‘the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.” ’ Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1368, at 690 (1969)); see also McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a Rule 12(c) motion is used to raise the defense of failure to state a claim, the motion is subject to the same test as a motion under Rule 12(b)(6). McGlinchy, 845 F.2d at 810; Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1989). Thus, the court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). The plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may not dismiss the complaint if there is a reasonably founded hope that the plaintiff may show a set of facts consistent

with the allegations. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1967-69 (2007). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). The complaint must allege sufficient facts to provide "'fair notice' of the nature of the claim [and] also 'grounds' upon which the claim rests." Bell Atlantic Corp., 127 S.Ct at 1965 n. 3.

## III. ANALYSIS

Defendants Isenogle, Parker, Shelly, and McMahon move for judgment on the pleadings and seek to be dismissed from the plaintiff's action without leave to amend. For the reasons stated herein, the court grants the motion.[2]

### A. Plaintiff's Claims Against Defendants Isenogle and Parker Were Not Previously Dismissed With Prejudice

Defendants Isenogle and Parker assert that the plaintiff's claims against them had previously been dismissed with prejudice under Federal Rule of Civil Procedure 41(b). The court does not agree.

Rule 41(b) provides that a plaintiff's claims may be dismissed

[2]As a preliminary matter, the plaintiff has agreed that his claims are not directed against defendant McMahon. The court grants this defendant's motion.

if the plaintiff fails to comply with the Rules or with a court order. Such a dismissal is an adjudication on the merits unless the court states otherwise. Fed. R. Civ. P. 41(b). Dismissal under this rule is a sanction against the plaintiff, and should only be imposed "in extreme circumstances," when less severe sanctions are inadequate. Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996). Dismissal under Rule 41(b) is only appropriate if the following factors weigh in its favor: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

If a court has dismissed a complaint with leave to amend and the plaintiff does not file an amended complaint, the dismissal may operate as an adjudication on the merits under Rule 41(b). Yourish v. Cal. Amplifier, 191 F.3d 983, 986-88 (9th Cir. 1999). The Ninth Circuit has noted, however, that such an approach is "problematic" since a plaintiff's failure to amend his complaint after having received leave to do so it not the type of disobedience to a court order to which Rule 41(b) is typically directed. See id. at 987 n. 4. In Yourish, the court concluded that the district court had not abused its discretion in dismissing the plaintiff's complaint under Rule 41(b) because the record showed that the court had weighed the five Hernandez factors in reaching its decision. See id. at 990-92.

Here, Magistrate Judge Hollows ordered dismissal of defendants

Isenogle and Parker after a review of the adequacy of the plaintiff's allegations against them. See Order, April 11, 2006 (Docket No. 7). Specifically, the Magistrate Judge concluded that the plaintiff had "set[] forth no allegations" against these defendants. Id. at 3. The court granted the plaintiff thirty days to file an amended complaint. Id. at 5. The plaintiff did not file an amended complaint within thirty days. Accordingly, on July 7, 2006, the Magistrate Judge recommended dismissal of defendants Isenogle and Parker, "for the reasons set forth in the Order, filed on April 11, 2006." See Findings and Recommendations, July 7, 2006 (Docket No. 9), at 1. The court conducted no analysis of the Hernandez factors. See id. This court subsequently adopted the Magistrate Judge's Findings and Recommendations. See Order, November 28, 2006 (Docket No. 17). In its order, the court conducted no independent analysis of the appropriateness of dismissal nor did it weigh whether dismissal was proper under Hernandez. See id.

Based on this, the court concludes that its dismissal of defendants Isenogle and Parker was not an adjudication on the merits under Federal Rule of Civil Procedure 41(b). Although, like the plaintiff in Yourish, the plaintiff here did not amend his complaint when given leave to do so, there is nothing in this court's nor the Magistrate Judge's orders to suggest that the dismissal of the plaintiff's causes of action against defendants Isenogle and Parker was intended to be with prejudice. The Ninth Circuit has emphasized the severity of the sanction of dismissal,

and that it would be an abuse of discretion for a district court to dismiss under Rule 41(b) without weighing the Hernandez factors. See Yourish, 191 F.3d at 990; Ferdick v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). Here, the Magistrate Judge and this court recommended dismissal solely on the grounds that the plaintiff had not alleged sufficient facts to state a cause of action against the defendants. See Order, April 11, 2006; Findings and Recommendations, July 7, 2006; Order, November 28, 2006. Consequently, defendants Isengole and Parker were not dismissed with prejudice by the court's November 28, 2006 order.

**B.   Plaintiff's Second Amended Complaint Does Not State a Cause of Action Against Defendants Isenogle, Parker, and Shelly**

In his Second Amended Complaint, the plaintiff makes shotgun allegations against defendants Isenogle, Parker, and Shelly. He alleges that each "was negligent and/or watched and/or encouraged and/or directed and/or enabled and/or ordered other Defendant Deputies to use excessive force, assault and batter" the plaintiff at the Sacramento County Main Jail. Second Amended Complaint, ¶¶ 10-12. Additionally, he alleges that defendant Shelly used excessive force and assaulted and battered him. Id. ¶ 12. In his more specific factual allegations, in which he alleges the sequence of events giving rise to his causes of action, the plaintiff alleges that each of these defendants approached his cell for the purpose of performing a cell extraction of the plaintiff. Id. ¶ 28.

Although the court construes a complaint in favor of the plaintiff, Scheuer, 416 U.S. at 236, the allegations against

defendants Isenogle and Parker are not sufficient to give notice of the claims against them and the factual basis thereof.[3] See Bell Atlantic Corp., 127 S.Ct. at 1967-69. First, the plaintiff has alleged four causes of action, two of which derive from his allegations of excessive force and two of which derive from his allegations of deliberate indifference to his medical needs. See Second Amended Complaint, ¶¶ 43-55. Although each cause of action lists the defendants against which it is directed, no cause of action states that it is directed against defendants Isenogle and Parker. See id.[4] Consequently, these defendants have been left to speculate as to which claims are alleged against them, which cannot suffice as adequate notice pleading. See Bell Atlantic Corp., 127 S.Ct at 1965 n. 3.

Second, although the plaintiff makes factual allegations about defendants Isenogle's, Parker's, and Shelly's conduct that indicate that these defendants were involved in the cell extraction, see Second Amended Complaint, ¶¶ 10-12, in his specific allegations describing the cell extraction, the plaintiff does not allege these defendants' involvement. See id. at ¶ 29 (identifying other individual defendants as the persons who grabbed the plaintiff, pinned him down, slammed him against the floor, and "snapped" his

[3]Though the court construes liberally the pleadings of a *pro se* plaintiff, see Boag v. MacDougall, 454 U.S. 364 (1982), at the time the plaintiff filed his Second Amended Complaint he was represented by counsel.

[4]Because Shelly is accused of employing excessive force, it is reasonable to construe the complaint against him as relying on the two excessive force causes of action.

arm). Consequently, defendants Isenogle, Parker, and Shelly have not been given notice of what conduct the plaintiff alleges they performed during the cell extraction, which would give rise to the causes of action. This does not suffice to allege the factual "grounds upon which the claim rests." Bell Atlantic Corp., 127 S.Ct at 1965 n. 3 (internal quotations omitted).

The court, therefore, grants the defendants' motion.

**C. The Court Grants Leave to Amend**

The plaintiff proposes, in his opposition to the defendants' motion, that any defects in the complaint can be cured if he is granted leave to file a Third Amended Complaint. The court grants leave to amend.

In its August 1, 2007 scheduling order, the court informed the plaintiff that amendment of the pleadings would only be permitted upon a showing of good cause, citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). "Good cause" is shown where the party seeking leave to amend has demonstrated sufficient diligence. Id. at 609. Good cause may be found to exist where the moving party shows diligence in assisting the court with creating a workable scheduling order, that the party is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and demonstrates diligence in seeking an amendment. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted). A court may supplement its determination by noting the prejudice to the other party. Johnson,

975 F.2d at 609. If good cause is found, then the court turns to Federal Rule of Civil Procedure 15 to determine whether the amendment sought should be granted. Id. at 608.

Here, the court is mindful that the plaintiff initiated his action in early 2006 and was appointed counsel over a year later. The court issued its scheduling order in August 2007, only a few months after the appointment of counsel. At the time of the creation of the scheduling order, therefore, it is understandable the plaintiff's counsel had not yet become fully aware of the nature of and factual basis for the plaintiff's claims. See Jackson, 186 F.R.D. at 608. Moreover, amending the complaint does not seem unduly burdensome to the defendants. See Johnson, 975 F.2d at 609. Good cause appearing, the court grants the plaintiff leave to amend his Second Amended Complaint.

**IV. CONCLUSION**

For the reasons stated herein, the court GRANTS the defendants' motion to dismiss. The plaintiff is given thirty (30) days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED: February 27, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT