IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVARIS TUBBS,

       Plaintiff,                    No. CIV S-06-0280 LKK GGH P

    vs.

SACRAMENTO COUNTY JAIL, et al.,

       Defendants.           ORDER

_____/

        Plaintiff, a state prisoner proceeding with appointed counsel, seeks relief pursuant to 42 U.S.C. § 1983. Defendants' motion to compel, lengthily captioned "motion to compel responses to interrogatories and to determine the sufficiency of responses to requests for admissions, to compel responses, or to have the matters ordered admitted, and request for sanctions and for payment of expenses," filed on February 13, 2008, came on for hearing on March 13, 2008. Plaintiff was represented by Angelo DeSantis and Deborah Gettleman from the King Hall Civil Rights Clinic.[1] Wendy Motooka and Robert Chalfant appeared for defendants.

        Pursuant to Judge Karlton's Order, filed on August 1, 2007 (#40), discovery is to be completed by May 23, 2008, all motions for discovery to be heard by April 23, 2008. As the

---

[1] An individual named Polly Cooper announced her presence from the gallery, apparently as a supervising attorney from King Hall Civil Rights Clinic.

1

parties were informed at the hearing, in order to obtain an extension of time to complete discovery or for the hearing of discovery motions, they must do so before Judge Karlton. In order to seek any extension before the undersigned, all parties must consent to the jurisdiction of this court over all proceedings in this matter, pursuant to 28 U.S.C. § 636(c)(1).

Plaintiff's counsel was admonished that whatever facts that plaintiff has that serve as a basis for proceeding against the defendants must be provided as requested by defendants and plaintiff cannot simply wait in the hope that a factual basis may eventually emerge. On the other hand, plaintiff is not required to present his entire case in discovery responses. "Each and every fact" interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories. Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007) ("[c]ontention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact...."). Taking a general liability theory in a complaint and asking for each and every fact which supports such is an example of a facially overbroad interrogatory. In response to such an interrogatory, it is sufficient that the responding party give specific factual theories which support the general allegation. For example, if a complaint in an auto accident case asks for each and every fact concerning the allegation that a defendant was negligent, a response of specific factual theories, e.g., the driver was inattentive, the driver was speeding, etc, constitutes a sufficient response. Underlying "evidentiary facts" such as who saw the car speeding, cell phone records from Sprint to show the driver's phone was in use at the time of the accident, who the cell phone was registered to, etc. are not required.

On the other hand, if an interrogatory is specific and calls for facts related to a specific factual assertion, e.g., each and every fact demonstrating that the cell phone was in use, the response must be correspondingly more specific, and facts related to use of the cell phone, e.g., a summary of phone records, an eyewitness observation would have to be disclosed.

\\\\\

With respect to the requests identified below, plaintiff must fully respond to the best of his knowledge in accordance with the above discussion. In addition, plaintiff is cautioned in his further responses not to simply cross-reference to page numbers of a previous response to a request for production or generically to, for example, plaintiff's deposition testimony without providing the substance of the information contained in the referenced source that is responsive to the request at issue.

During the hearing, defendants' counsel agreed that should plaintiff, in the third amended complaint which plaintiff has been granted leave to file, voluntarily dismiss any of the currently named defendants, the discovery requests as to any such individual would be withdrawn, or otherwise rendered moot. In providing further responses to the discovery requests, as to those broadly framed interrogatories, i.e., generally those directed to defendants County, Blanas and Iwasa, plaintiff must provide, at a minimum, specific factual theories responsive to the questions. The more specific questions, on the other hand, those directed at certain of the other defendants, will require more specific factual responses.

Plaintiff must provide further responses to the following of the defendants' interrogatories:

    Defendant County Interrogatories Numbers (Nos.) 2 through 19, 23;

    Defendant Blanas' Interrogatories Nos. 1 through 19, 23 & 24;

    Defendant Iwasa's Interrogatories Nos. 1 through 19, 23 & 24;

    Defendant Douglas' Interrogatories Nos. 1 through 4;

    Defendant Hambly's Interrogatories Nos. 1 through 7;

    Defendant Hand's Interrogatories Nos. 1 through 6, 9 & 10;

    Defendant Jordan's Interrogatories Nos. 1 through 6, 9 & 10;

    Defendant O'Shaughnessy's Interrogatories Nos. 1 through 6; 9 & 10;

    Defendant Kacalek Interrogatory No. 1.

Several of the Interrogatories at issue are linked to Requests for Admission

1  (RFA), as follows:
2     Defendant County's RFA No. 4 (linked to its Interrogatory No. 23);
3     Defendant Blanas' RFA No. 4 (linked to his Interrogatory No. 23);
4     RFA No. 5 (linked to Interrogatory No. 24);
5     Defendant Iwasa's RFA No. 4 (linked to his Interrogatory No. 23);
6     RFA No. 5 (linked to Interrogatory No. 24);
7     Defendant Douglas RFA No. 1 (linked to his Interrogatory No. 4);
8     Defendant Hambly's RFA No. 1 (linked to his Interrogatory No.
9  7);
10    Defendant Hand's RFA No. 3 (linked to her Interrogatory No. 9);
11    RFA No. 4 (linked to her Interrogatory No. 10);
12    Defendant Jordan's RFA No. 3 (linked to her Interrogatory No. 9);
13    RFA No. 4 (linked to her Interrogatory No. 10);
14    Defendant O'Shaughnessy's RFA No. 3 (linked to his Interrogatory
15 No. 9); RFA No. 4 (linked to his Interrogatory No. 10);
16    Defendant Kacalek's RFA No. 1 (linked to his Interrogatory No.
17 1).
18    Within five (5) days, plaintiff must provide substantive Interrogatory responses
19 adequate to support each denial made to the Requests for Admission identified above or must
20 state, as to each for which no further response can be provided, that plaintiff is not aware of facts
21 supporting the denial or must admit the requests.
22 <u>Motion for Sanctions</u>
23    Defendant's counsel recounts in detail numerous efforts made to streamline the
24 issues presented, beginning November of 2007, when defendants offered to stipulate to an
25 amended complaint to which offer plaintiff did not respond.  Declaration of Wendy Motooka
26 (Motooka Dec), ¶¶ 2-3, Exhibit (Ex) A.  After defendants served discovery requests, plaintiff's

counsel asked for an extension of time from January 22, 2008, until Jan. 25, 2008, to serve responses, to which defendants agreed, after which plaintiff served responses. Motooka Dec, ¶¶ 5-6. Upon reviewing the responses, defendants sought on February 4, 2008, to meet and confer with plaintiff to discuss their dissatisfaction with the responses, sending a detailed email to plaintiff. Id. at ¶ 7, Ex. B. When defendants heard nothing for two days, on Feb. 6, 2008, they sent another email asking to meet and confer, to which plaintiff did not respond until Feb. 8, at which point plaintiff's counsel proposed meeting on Feb. 13 via telephone. Id. at ¶¶8-9, Exs. C & D. On Feb. 12, 2008, plaintiff served defendants' counsel personally with a set of request for production of documents. Id. at ¶ 10. During their Feb. 13, meet and confer conference call plaintiff contended that Rule 33 allowed him to complete his discovery before responding to that of defendants, a position with which defendants took issue. Id., at ¶ 11. Defendants memorialized the discussion via email to plaintiff and noticed their motion to compel on Feb. 13. Id. at ¶ 12, Ex. E. On Feb. 14, when plaintiff emailed a list of corrections to five responses, defendants asked that any amended responses be served on defendants by Feb. 21. Id. at 13-14, Exs. F & G. On Feb. 21, plaintiff's counsel emailed defendants that he needed until about Feb. 25 to amend his responses, and defendants reminded plaintiff that the previous deadline was set for convenient drafting of the joint statement; the parties agreed that plaintiff would have the joint statement provided one day after plaintiff's amended responses were received and would have until March 4, to return it with plaintiff's portion. Id., ¶¶15-16, Ex. H.

When on Feb. 25, 2008, plaintiff's emailed amended responses were sent, instead of the five corrections plaintiff had promised earlier, plaintiff sought to amend 20 requests for admission and 36 interrogatories, none of which were signed by counsel and none of which interrogatory responses were verified; moreover, most of the amendments, according to defendants did not cure the problems defendants had previously identified. Id., at ¶ 17, Ex. I. When on Feb. 27, defendants emailed their assessment of the deficiencies of the amended responses, plaintiff did not acknowledge the email, but on March 3, 2008, plaintiff emailed what

5

defendants characterize as "purported" verifications to the amended responses. Id. at ¶¶ 18-20, Exs. J & K.  On March 4, defendants notified plaintiff of the deficiencies of the verifications, and on the same day, plaintiff faxed signed copies of the amended responses, which are dated Feb. 25, 2008, but were not served until March 4, two days before the joint statement was to be filed. Id. at ¶¶ 21-22.  The amended responses, according to defendants cured deficiencies with respect to only 4 interrogatories.  Id. at ¶ 23.  Defendants aver that plaintiff's conduct in responding to discovery greatly increased the burden and expense to defendants of preparing the joint statement; that they spent 16.8 hours in the meet and confer process and spent 27.2 hours preparing the joint statement; and that they bill at $150 per hour, which comes to 44 hours totalling $6,600.  Id., at ¶¶ 24-27.  Defendants maintain that although plaintiff's counsel is a student legal clinic that the supervising attorney, Carter White, should be held to the same standards as all attorneys in the district.  Joint Statement, p. 35.

Under Fed. R. Civ. P. 37 (a)(2) and 37(b)(2), the court is required to impose monetary sanctions upon the party whose pre-motion or motion position has not been substantially justified.  "Substantial justification should not be assessed in a technical sense, but in cases where malfeasance or misfeasance has caused the opposing party unnecessary expenditures of time and resources."  No one desires litigation to be a series of court imposed punishments for every mistake (litigation is painful and expensive enough already); on the other hand, discovery cannot be permitted to degenerate into a process of passive-aggressive compliance with discovery obligations, or brinkmanship with one's opponent, i.e., not initially producing a discovery response that should be initially produced in order to see if the opposing party will become exhausted in its discovery compliance efforts.  Nor should the court tolerate a significant amount of carelessness in discovery obligation compliance because one party's carelessness is another party's cost.  The meet and confer process, critical to narrow discovery disputes, and which are required by the rules, should not be interpreted as an invitation to be initially stubborn or careless, nor used as a  means by which discovery timeliness can be

unilaterally extended. In other words, ultimate, begrudging compliance will not immunize a party from sanctions.

For this motion, the court finds that King Hall has not been sufficiently diligent in responding to defendants' discovery requests, nor for that matter, in propounding its own discovery upon defendants. On the face of it, plaintiff would be well-advised to take the opportunity to streamline its allegations. In the joint statement, plaintiff's counsel agrees that defendants are entitled to all the information sought by way of their interrogatories, states plaintiff has provided all the information he currently had and avers, as counsel did at the hearing, that plaintiff has a good faith belief that there remain discoverable facts that would be fully responsive to defendants' requests. Plaintiff submits that plaintiff's counsel is a student legal clinic, which has been involved in four trials since discovery has been open and is subject to the demands of exam schedules, a shifting student staff and periods when school is not in session. Plaintiff does not believe defendants have been prejudiced, but does not otherwise posit much of a substantive argument to refute the arguments of defendants as to the burdens they were subjected to. While the court is sympathetic, as expressed at the hearing, to the complications that faced plaintiff's counsel on being appointed after the litigation commenced (in this case nearly a year after the action was filed), the burdens imposed on defense counsel appear largely unwarranted.

Nevertheless, in assessing the propriety of sanctions, the court should not blind itself to the circumstances of plaintiff's counsel and their caseload. Counsel for plaintiff, as previously noted, are comprised of students at the U.C. Davis King Hall Law School Civil Rights Clinic, and one, possibly two, harried lawyer supervisor(s). Imposition of sanctions in such a pro bono situation should be especially scrutinized. Thus, sanctions for this motion, in light of all the circumstances, will not be imposed. However, plaintiff's counsel/student counsel would be well-advised in the future not to expect any particular deference or solicitude based on their status.

\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (#47) is granted, further discovery responses to be served upon defendants, as set forth above, within five days; and

2. Defendants' motion for sanctions is denied.

DATED: 03/28/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
tubb0280.mtc