UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVARIS MARQUEZ TUBBS,

        Plaintiff,

    v.

SACRAMENTO COUNTY JAIL, et al

        Defendants.

                              /

NO. CIV. S-06-280 LKK/GGH

O R D E R

Pending before the court is defendants' motion for reconsideration and clarification of its August 13, 2008 order denying in part their motion for summary judgment. The court resolves the motion on the papers.

## I. BACKGROUND[1]

Plaintiff was an inmate at the Sacramento County Jail who has brought suit against the County and several individuals under 42 U.S.C. § 1983 for defendants' conduct surrounding an extraction of plaintiff from his cell. Defendants Cherry, Shelly, Kacalek,

---

[1] The facts described herein are taken from the court's August 13, 2008 order.

1

1  Vasquez, and Miller were officers at the jail. Defendants Isenogle
2  and Parker were sergeants, who were on duty during the incident
3  giving rise to the complaint. Defendant Iwasa was Jail Commander
4  and defendant Blanas was Sheriff.
5       Plaintiff's claims arise out of his removal from his cell on
6  January 21, 2006. In brief, he alleges that the defendant officers
7  sought to remove him from his cell. Instead of permitting him to
8  be handcuffed through the food port opening in the cell door, they
9  entered his cell and forcibly handcuffed him. In the process, at
10 least one of the officers used such force as to break plaintiff's
11 arm. The sergeant defendants waited outside the cell and observed
12 what occurred.
13      Defendants moved for summary judgment on all of plaintiff's
14 causes of action. In opposition to the motion, plaintiff tendered
15 some evidence of a policy or practice of improper use of force at
16 the Sacramento County Jail. He tendered a report from the District
17 Attorney's office, describing the results of its investigation into
18 the Jail and Sheriff Department's staff use of force against
19 several inmates on December 1, 2005. The District Attorney
20 concluded that the use of force on that date was not so egregious
21 as to be criminal, but that there were "significant questions
22 regarding jail operations and the treatment of inmates. . . . The
23 evidence supports findings of poor judgment by jail staff, lack of
24 administrative supervision and a need to review Operations Orders
25 pertaining to the use of force at the Main Jail." Order, August 13,
26 2008, at 17 (citing Docket No. 82-2 at 31). The court concluded

that based on this evidence, a reasonable jury could find that there was a practice in place at the Sacramento County Jail "of disregard of official procedures and lack of supervision at the peril of the inmates," sufficient to defeat the motion for summary judgment of the County, Blanas, and Iwasa. Id. With regards to defendants Blanas and Iwasa specifically, the court observed that the problems identified in the District Attorney's report "demonstrate[d] a lack of appropriate supervision and training, necessarily implicat[ing] defendants Blanas and Iwasa in their management roles." Id. at 18. It is from this order that defendants seek reconsideration and clarification.

## II. STANDARD

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances...which... were not shown upon such prior motion, or

what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876; see also Sch. Dist. No. 1J, Multnomah County, Oregon v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2003).

Motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect [ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

"A court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record." Fed. R. Civ. P. 60(a).

### III. ANALYSIS

The defendants move for clarification of instances in the August 13, 2008 order that appear to be clerical errors. Defendants Blanas and Iwasa also move for reconsideration of the order to the

extent that it denies their motion for summary judgment, on the grounds that the order represents a manifest injustice. The court considers each motion in turn.

**A.   Motion for Clarification**

The court acknowledges that the August 13, 2008 order contains two unintentional clerical errors. Accordingly, the court amends the order at 8:16-19 to state: "For the reasons stated herein, the court denies the motion for summary judgment as to all defendants named in the plaintiff's first and second causes of action." The court also amends the order at 18:21 to replace "policy" with "pattern or custom."

Finally, defendants Blanas and Iwasa seek to be dismissed as defendants in their official capacities, since they are also named in their personal capacities. They argue that their presence as defendants is redundant, because the County was named as a defendant and responded to the suit. While it is true that a suit against a defendant in his official capacity is treated as a suit against the entity, Brandon v. Holt, 469 U.S. 464, 471-72 (1985), this redundancy does no injustice to the defendants. Were a jury to find in plaintiff's favor against defendants in their official capacities only, any damages awarded would be paid by the County. Moreover, defendants Blanas and Iwasa are represented by the same attorneys representing the County and have acted as one throughout the litigation. Finally, as another court observed in a comparable situation, "Naming [the defendants] specifically in the case . . . does provide a certain level of public accountability. In cases

such as these, where elected officials are alleged to have violated federal laws protecting a local constituency, public accountability is of utmost importance." Chase v. City of Portsmouth, 428 F. Supp. 2d 487, 490 (E.D. Va. 2006). The court therefore clarifies for the benefit of defendants Blanas and Iwasa that they remain defendants in both their official and personal capacities.

**B.   Motion for Reconsideration**

Defendants Blanas and Iwasa contend that the court committed manifest injustice in denying their motion for summary judgment and seek reconsideration of the order. The court denies the motion.

Defendants contend that the court erred in holding that a jury could find that defendants Blanas and Iwasa were liable in their individual capacities for the harm done to plaintiff. Without wishing to retread the analysis of their potential liability examined in the previous order, there simply is no manifest injustice. The liability of defendants Blanas and Iwasa does not arise from a *respondeat superior* theory nor from the theory that the District Attorney's report put the defendants on notice of the misconduct occurring at the Jail. Instead, the report identified "significant questions regarding jail operations and the treatment of inmates." See Docket No. 82-2 at 31. Primarily, the District Attorney identified that there appeared to be sweeping disregard of the official policies regarding use of force, which implicated not only "poor judgment by jail staff" but also lack of supervision. Id. A jury could reasonably infer that because these problems suggest significant failures in Blanas' and Iwasa's

6

management, which logically could have persisted a few weeks past the date of the incident the District Attorney investigated to the date of the incident involving plaintiff.

Moreover, a reasonable jury could find that Blanas and Iwasa are not entitled to qualified immunity. If a jury were to find that Blanas and Iwasa failed to manage jail operations or supervise the officers and sergeants in a way that permitted the violations identified in the District Attorneys report and alleged by plaintiff, a jury could also find that a reasonable individual in the defendants' positions would have known of the Constitutional deprivations that would result. See City of Canton, Ohio v. Harris, 489 U.S. 378, 389-392 & n. 10 (1989) (section 1983 liability attaches where there is deliberate indifference in training officers for situations in which the officers would "so obvious[ly]" need to know the constitutional limits of their actions).

## IV. CONCLUSION

Accordingly, the defendants' motion for reconsideration is DENIED.

The court's August 13, 2008 order is AMENDED:

1. At 8:16-19 to state: "For the reasons stated herein, the court denies the motion for summary judgment as to all defendants named in the plaintiff's first and second causes of action." and

2. At 18:21 to replace "policy" with "pattern or custom."

////

3.  In all other respects, the motion to reconsider is
    DENIED.

IT IS SO ORDERED.

DATED: October 14, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT