UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVARIS MARQUEZ TUBBS,

    Plaintiff,

  v.

SACRAMENTO COUNTY JAIL, et al

    Defendants.
_____/

NO. CIV. S-06-280 LKK/GGH

<u>O R D E R</u>

  Plaintiff Javaris Tubbs is a former inmate of the Sacramento County Jail who brought suit under 42 U.S.C. § 1983 for defendants' illegal conduct in removing him from his cell in January 2006. Plaintiff obtained a judgment in his favor against four of the sixteen defendants: Vasquez, Cherry, Kacalek and Isenogle. Pending before the court is plaintiff's Bill of Costs totaling $3,802.48 and defendants County of Sacramento, Blanas, Iwasa, Parker, Shelly, Miller, O'Shaughnessy, Hand, Jordan, Hambly and Douglas's objections thereto. Also pending before the court is defendants Sacramento County, Blanas, Iwasa, Parker, Miller and Shelly's Bill of Costs totaling $3,798.09 and plaintiff's objections thereto.

## I. Background

On April 11, 2006 this court granted plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Prior to trial, in April 2008 plaintiff voluntarily dismissed defendants Hambly, Jordan, O'Shaughnessy, and Hand. The remaining defendants submitted a motion for summary judgment in June 2008. On August 13, 2008 this court granted the motion for summary judgment as to defendant Glen Douglas.

At the start of trial, on January 21, 2009, plaintiff voluntarily dismissed defendant Shelly. On January 28, 2009 a jury ruled in favor of plaintiff's excessive force claim against defendants Vasquez, Cherry, Kacalek and Isenogle. Plaintiff was awarded one dollar in nominal damages against defendants Vasquez, Cherry, Kacalek and Isenogle and 250 dollars in punitive damages against defendant Vasquez. This court entered judgment on the jury verdict on January 30, 2009. In February 2009 plaintiff and defendants submitted their Bill of Costs and each submitted objections to the opposing party's Bill of Costs.

## II. Standard

Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 54-292(f) govern the taxation of costs, other than attorney's fees, to the prevailing party in a civil matter. Under Federal Rule of Civil Procedure 54(d)(1), unless a federal statute, the Federal Rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Trial

courts do not have discretion to tax whatever costs seem appropriate. Courts may tax only costs defined in 28 U.S.C.A. § 1920 and Local Rule 54-292.

Parties prevail when judgment is entered in their favor. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1021-23 (9th Cir. 2002). Under Federal Rule of Civil Procedure 54(d), there is a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the court exercises its discretion to disallow costs for specific reasons. Ass'n of Mexican-Am. Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000) (en banc). In cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success. See Wright & Miller, Federal Practice & Procedure § 2667. Or, in cases in which "neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties," some courts have denied costs to both sides. Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1233-35 (10th Cir. 2001); See, e.g., Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs.").

When considering "prevailing party" status in suits with multiple defendants, courts have made separate determinations of whether or not the plaintiff prevailed against each defendant.

Ford v. Tennessee Senate, No. 06-2031-BV, 2007 WL 5659414, at *9 (W.D. Tenn. Aug. 15, 2007).

### III. Analysis

Plaintiff and defendants Sacramento County, Blanas, Iwasa, Parker, Miller and Shelly seek recovery of costs under the statutory authority of 28 U.S.C. § 1920, each side having submitted a Bill of Costs. Docket Nos. 149 & 150. Both have submitted objections to the opposing Bill of Costs. Docket Nos. 156 & 157. Each contest the opposing party's claim as the prevailing party. Each also objects to certain line items claimed in the Bills of Costs.

**A.   Prevailing Party Under Federal Rule of Civil Procedure 54(d).**

Plaintiff and defendants both seek costs under Federal Rule of Civil Procedure 54(d). Both parties dispute who is the prevailing party on the claim, which is a requirement of obtaining costs under Federal Rule of Civil Procedure 54(d). In cases brought under § 1983, a plaintiff is considered to have prevailed if the legal relationship between the parties has been materially altered and if he or she has obtained at least some relief on the merits of the claims. Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). The court, however, has discretion to refrain from awarding costs or fees to a prevailing plaintiff if the verdict, although favorable to the plaintiff, would benefit him in no way. Id. at 110 & n.3 (although plaintiffs obtained declaratory judgment in their favor against defendant prison

4

officials, they were not "prevailing parties" because they were no longer inmates at the institution in question and therefore would not benefit from the judgment).

### 1. Plaintiff is prevailing party against defendants Vasquez, Cherry, Kacalek and Isenogle.

After jury trial, this court entered judgment in favor of plaintiff against defendants Vasquez, Cherry, Kacalek and Isenogle. "A plaintiff who wins nominal damages is a prevailing party under [42 U.S.C.] § 1988." Farrar v. Hobby, 506 U.S. 103, 111-112 (1992). Therefore, plaintiff is the prevailing party against those defendants and should be awarded costs.[1]

The issue is whether to divide costs among those defendants where judgment was entered for or against. Although neither party has directed the court to any Ninth Circuit authority on the issue, the general rule in other circuits is that a district court, in exercising equitable discretion, may apportion costs between parties as it sees fit. See Croker v. Boeing Co. (Vertol Div.), 662 F.2d 975, 998 (3d Cir. 1981). "In dividing costs among multiple parties on one side of the bar – either prevailing or non-prevailing – the court may choose to impose costs jointly and severally or to disaggregate costs and to impose them individually." Id. The "sparse case law" on this issue "places the burden on the losing parties to introduce evidence and persuade the court that costs should be

---

[1] The other defendants are discussed *infra*.

1  apportioned." If they fail to do so, "the default rule is that
2  costs may be imposed jointly and severally." <u>In re Paoli R.R.</u>
3  <u>Yard PCB Litigation</u>, 221 F.3d 449, 469 (3d Cir. 2000).
4      Defendants sufficiently show that plaintiff prevailed
5  against only four defendants and that those defendants alone
6  should be responsible for plaintiff's Bill of Costs. This court
7  holds that defendants Vasquez, Cherry, Kacalek and Isenogle will
8  be held jointly and severally liable for their portion of the
9  plaintiff's Bill of Costs in the amount of $950.64.
10     Defendants object to specific line items of Plaintiff's
11 Bill of Costs. However, the Ninth Circuit has held that, as long
12 as the items fall within the taxable costs of § 1920 and any
13 applicable Local Rule, the cost is permissible. <u>Alflex Corp. V.</u>
14 <u>Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 177 (9th Cir.
15 1990). Specifically, defendant objects to plaintiff's fees for
16 service totaling $125.00 and copies of deposition transcripts
17 totaling $3,427.48. Under Local Rule 54-292, taxable costs
18 include "fees for service by a person other than the Marshal"
19 and "copies of papers necessarily obtained for use in the case."
20 L.R. 54-292(f)(2), (5). The service fees claimed by plaintiff
21 are taxable under Local Rule 54-292(f)(2). This court also finds
22 that plaintiff's depositions costs were "necessarily obtained
23 for use in the case" because the deposition, at the time they
24 were taken, could reasonably have been expected to be used for
25 trial preparation. Many of the depositions were defendants or
26 other officers and employees who might have been called as trial

6

witnesses. See Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656 (9th Cir. 1963).

> **2. Defendants Sacramento County, Blanas, Iwasa, Parker, Miller and Shelly are prevailing parties against plaintiff.**

Defendants Sacramento County, Miller, Parker, Blanas, and Iwasa are prevailing parties where this court entered judgment in their favor based on the jury verdict. Defendant Shelly was voluntarily dismissed by plaintiff without prejudice. The prevailing party includes a defendant in whose favor a dismissal is entered. Cal. Code Civ. Proc. § 1032 (a)(4).

Federal Rule of Civil Procedure 54(d)(1) establishes a rebuttable presumption "that the prevailing party will be awarded its taxable costs," and the losing party may overcome this presumption by showing a reason to deny costs. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Although Federal Rule of Civil Procedure 54 creates a presumption in favor of awarding costs to a prevailing party, it also vests discretion in the district court to refuse to do so. Ass'n of Mexican-American Educators, 231 F.3d at 591. In exercising that discretion, a district court must "specify reasons" for its refusal to award costs. Id.

A prevailing party is entitled to recover costs even in the case of indigent prisoner litigants who have been granted leave to proceed in forma pauperis. Monroe v. U.S. Marshals, 101 F.3d 706, 2 (9th Cir. 1996). However, in a civil rights action,

7

consideration of a plaintiff's limited resources is an appropriate reason for denial of costs. Ass'n of Mexican-American Educators, 231 F.3d at 593.

Here, although plaintiff did not prevail in all claims in this action, his claims were not without merit. The jury verdict in favor of plaintiff against four defendants demonstrates the plaintiff's case did not lack merit. Furthermore, plaintiff's argument that he is indigent is compelling and has been supported by evidence. See Docket No. 5. Additionally, "imposing costs on losing civil rights plaintiffs of modest means may chill civil rights litigation" that is important to the legal system. Stanley, 178 F.3d at 1080. In this case, the costs plaintiff faces are significantly less than the award the plaintiff faced in Stanley. Nevertheless, imposing payment of $3,798.09 when an individual is indigent would be inequitable. Based on the evidence of the plaintiff's limited financial resources and the possibility that the imposition of the award would have a chilling effect on civil rights litigants, an award of costs against plaintiff would be inequitable. Accordingly, this court sustains plaintiff's objections to defendants' Bill of Costs and denies defendants' request to recover their costs in total.

### V. Conclusion

In accordance with the above analysis, the court orders as follows:

Plaintiff's bill of costs (Doc. No. 150) is GRANTED in the

amount of $950.64.

Defendants' bill of costs (Doc. No. 149) is DENIED.

IT IS SO ORDERED.

DATED: August 21, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9